JEREMIAH RHAME, plaintiff in error, vs. ISAAC E. BOWER, defendant in error.

The note on which, an action was founded, referred to a bond as having been given by the plaintiff, the payee of the note, to the defendant, the maker of the note. The plaintiff read this note in evidence. A bond was then offered in evidence, by the defendant, as the bond referred to by the note—the defendant insisting, that no farther proof of the execution of the bond, was necessary. The note and bond agreed in many particulars, and in none, differed.

*Held,* That the bond was admissible without farther proof.

Complaint, in Baker Superior Court. Tried before Judge ALLEN, at May Term, 1858.

This was an action by Jeremiah Rhame against Isaac E. Bower, on the following note, viz:

$300. On the first day of January next, I promise to pay Jeremiah Rhame, three hundred dollars, for one stock of cattle, for which the said Rhame has this day given me a bill of sale. 7th May, 1853.

(Signed)                                                I. E. BOWER.

Endorsed with the following credits: "March 20th, 1854, $200 00 pd. July 5th, 1855, $44 13 pd."

The defendant pleaded, 1st. The general issue. 2d. Payment. 3d. Failure of consideration, in this, that plaintiff failed to deliver to defendant the stock of cattle mentioned in said note, but only delivered a part thereof, and failed and refused to deliver the remainder. Defendant set out in his third plea, *in hæc verba,* the following bill of sale, to-wit:

GEORGIA, BAKER COUNTY.

This is to certify that I have sold, bargained and conveyed to Isaac E. Bower, for the sum of three hundred dollars, all my stock, mark and brand of my cattle, on the east side of the Ichawaynochaway creek, including bulls, cows, calves, heifers, yearlings, and all other stock, including also that portion of my stock of cattle known as the "Norman" stock, and the "Holden" cow, together with all my right, title, interest and

claim to cattle on the east side of said creek, hereby insuring the delivery to said Bower, of sixty head at the least. And I also promise to replace one three year old steer at this time, for one which was supposed to be mine, but which is not; for which said Bower has this day given me his note. 7th May, 1853.

                                                 his
        (Signed)                  JEREMIAH ⋈ RHAME.
                                               mark
                                                 his
        By his agent,        .        OBEDIAH ⋈ RHAME.
                                               mark

Upon the trial on the appeal, plaintiff read in evidence the note sued on, and closed.

The defendant tendered the bill of sale, without proof of the execution of the same. The plaintiff objected to its admission; until the execution was proved, and until it was further proved that Obediah Rhame, who signed by *his* mark, as agent for plaintiff, had authority so to act.

The objection was overruled, and plaintiff excepted.

The jury found for the defendant, and plaintiff moved for a new trial upon several grounds, all of which were abandoned in this Court, except the one above stated. The Court refused the motion for a new trial, and defendant excepted.

LAW & SIMS, for plaintiff in error.

ISAAC E. BOWER, *contra.*

*By the Court.*—BENNING J. delivering the opinion.

Was the Court below right, in admitting the bond to the jury? The objection to the Court's doing so, was, that there was no proof, that the bond was the bond of the plaintiff.

The question, then, is, was there proof, that the bond was the bond of the plaintiff? And, if it was not, was any such proof needed, to make the bond admissible as evidence?

Rhame vs. Bower.

The note on which the action was founded, and which the plaintiff had read to the jury, had, on its face, a reference to some bond made by the plaintiff to the defendant. If this was that bond, then the note, with the fact of its admission to the jury, proved it, the bond of the plaintiff. Was there enough on the face of the note, to show, that this was that bond ?

We think, that, *prima facie*, there was. There were many particulars on the face of the note, with which the bond agreed, not a particular from which it differed.

Therefore, we think, that the Court was right, in admitting the bond to the jury.

The Court, perhaps, put its judgment, on the proviso in the 9th section of the Judiciary Act of 1799; a proviso in these words : " That no person shall be permitted to deny any deed, bond, bill, single or penal note, draft, receipt, or order, unless he, she or they, shall make affidavit of the truth of such answer, at the time of filing the same." Perhaps this may be, a sufficient ground, but we are not, as yet, prepared to say so. The words seem to be confined, to the case of a *defendant*. It is true, we believe, that, in cases in which, a note or other writing has been pleaded as a set-off, it has been held, that the defendant need not prove the note or other writing, unless it is denied by the plaintiff. But this is not conclusive; for a plea of set-off is, substantially, a cross action, in which, the plaintiff becomes defendant, and the defendant, plaintiff.

Our affirmance, then, is placed on the first ground.

Judgment affirmed.

McDonald J. absent.